UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEVIN KEMPER, | No. 2:17-cv-0895 GEB AC PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA STATE UNIVERSITY, SACRAMENTO, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure,

1

the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

////

2

| | |
|---|---|
| 1 | A pro se litigant is entitled to notice of the deficiencies in the complaint and an |
| 2 | opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See |
| 3 | Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). |

## II. THE COMPLAINT

Plaintiff names California State University, Sacramento, as the sole defendant in this lawsuit. ECF No. 1 at 1. The complaint alleges a single state law claim for breach of contract. Id. at 1-2.

Although plaintiff does not specify a basis for federal court jurisdiction, diversity jurisdiction can be inferred from the allegations of the complaint. 28 U.S.C. § 1332 provides for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1332 jurisdiction "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006); 28 U.S.C. § 1332. Review of the court docket and the complaint reveals plaintiff is domiciled in Arizona. Plaintiff further asserts he "moved to Arizona in 1980 and has been there ever since." ECF No. 1 at 1 ¶ C. Although defendant does not affirmatively allege the citizenship of the defendant, it is reasonable to infer that the California State University, Sacramento, is a citizen of California. Furthermore, plaintiff's assertion of damages in the amount of $500,010,000 is sufficient to satisfy the amount in controversy requirement. 28 U.S.C. § 1332(a). For screening purposes, the complaint is sufficient to establish the court's jurisdiction.

Plaintiff alleges that he was a student at the university for both his undergraduate and graduate studies. ECF No. 1 at 1 ¶ A. Upon completing his undergraduate studies he received both his diploma and transcripts. Id. After completing his graduate program, plaintiff requested from the university his "up-dated transcripts which would declare his graduate courses and date of their completion and date of acceptance of his thesis" as well as "his diploma displaying a Master's Degree in Educational Technology." Id. at 1 at 1 ¶ C. For the last 36 years, plaintiff has not been able to receive his transcript and diploma from the university despite writing, calling and receiving "assurances from the university" that the documents would be forwarded to plaintiff. Id. at 1 at 1 ¶ D. Plaintiff alleges a contract was entered into when he "sign[ed] with the

3

university to attend" their school in exchange for a "timely consequence/receipt of transcripts and diploma." Id. at 2. Plaintiff asserts these documents were to be to be issued by the university when plaintiff completed the requirements for his degree. Id. Plaintiff alleges that failure to produce the transcript and diploma resulted in a breach. Id. at 1-2. Consequently, plaintiff alleges he has suffered a "myriad [of lost] teaching opportunities because he was unable to provide [these] documents [to] prospective employers." Id. at 1 at 1 ¶¶ D, F. As "relief," plaintiff seeks "$10,000 general damages and $500,000,000 punitive damages for egregious behavior." Id. at 2.

California law of contracts applies in cases brought in the federal courts. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). To state a claim for breach of contract under California law, a plaintiff must allege facts demonstrating: (1) the existence of a contract; (2) plaintiff's performance of his contractual duties; (3) defendant's failure to perform his contractual duties; and (4) the damage resulting to the plaintiff. Oasis West Realty, LLC. v. Goldman, 51 Cal.4th 811, 821 (2011); see also J&J Pumps, Inc. v. Star Ins. Co., 795 F. Supp. 2d 1023, 1027 (E.D. Cal. 2011). The complaint before the court fails to state a claim because it does not set forth the nature of the purported contract, what duties the contact imposes on the parties, the date the contract was entered into, or any other relevant terms. Plaintiff neither specifies these essential facts in his complaint nor attaches a copy of the contract at issue. See N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc., 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) ("To sufficiently plead breach of contract under California law, the claimant must plead, among other things, the contract either 'by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect.'" (internal citations omitted)).

Plaintiff's allegations related to the existence of a contract involve an "advertisement" and "solicit[ation]" of students "to attend [the] university" with "assur[ances]" that in attending the university, "[students] will have a timely consequence/receipt of transcripts and diploma." ECF No. 1 at 1-2. These allegations are insufficient to support the existence of an oral or implied contract. See Khoury v. Maly's of California Inc., 14 Cal. App. 4th 612, 616 (1993) (pleading

4

requirements for oral contract); <u>Silva v. Providence Hospital of Oakland</u>, 14 Cal. 2d 762, 773 (1939) (elements of implied contract). No advertisement or solicitation is provided in or attached to the instant complaint, nor are the specific contents of any advertisement or solicitation alleged. Accordingly, the existence of a contract cannot be determined. <u>See</u> <u>Sinai Memorial Chapel v. Dudler</u>, 231 Cal. App. 3d 190, 198 (1991) (general language in an advertisement does not create a contract); <u>cf.</u> <u>Kirstein v. Bekins Van & Storage Co.</u>, 27 Cal. App. 586, 588 (1915) (customer's reliance on advertisements specifically offering fireproof storage created implied contract to store goods in fireproof facility).

In sum, plaintiff's allegation that a contract existed is the kind of conclusory legal assertion that the court does not accept as true on screening. Because the complaint does not allege specific facts demonstrating the existence of a contract, the complaint is not sufficient to proceed. Although the complaint will be dismissed, plaintiff will be provided the opportunity to amend.

### III. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendant to guess at what is being alleged against whom. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). To the extent possible, plaintiff should provide the information identified as missing above.

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

////

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. V. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009)("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit an amended complaint within 30 days. The amended complaint should include specific facts that demonstrate (1) the existence of a contract; (2) your performance of your contractual duties; (3) defendant's failure to perform its contractual duties; and (4) the resulting damage to you. Facts relevant to the existence of a contract include (1) whether the contract was written, oral or implied; (2) if oral or implied, the specific facts, circumstances, communications and/or actions that you claim created the contract; (3) the date the contract was entered into; (4) the duties and obligations of you and the defendant under the contract; (5) what specific promises were made to you regarding receipt of your transcript and diploma; (6) other facts demonstrating the existence of the contract. An amended complaint should briefly provide the necessary information, following the directions above.

## V. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. The complaint (ECF No. 1), is DISMISSED with leave to amend;

3. Plaintiff may file an amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned mat recommend that this action be dismissed for failure to prosecute.

4. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: July 28, 2017.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE